UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN F. HUTCHENS, ZAMORA MOTON, and BABY S.A., By John F. Hutchens, next friend,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER, and DOES 1-20,<br><br>Defendant. | Case No: C 06-6870 SBA<br><br>Consolidated with:<br>C 07-5600 SBA<br><br>**ORDER APPROVING MINOR'S COMPROMISE**<br><br>(Docket 123) |

The parties are presently before the Court on Plaintiffs' unopposed Petition for Order Approving Minor's Compromise. The Petition seeks the approval of a settlement in the amount of $17,500 on of behalf of the minor, Baby S.A. ("Baby"). Baby's parents filed an action on behalf of themselves and Baby, pursuant to 42 U.S.C. § 1983, against Alameda County Hospital, Alameda County and Social Worker Rudolfo Hernandez, based on the improper removal of Baby from his parents at birth. The County removed Baby from the mother after a positive toxicology screen. However, the positive test result was due to the fact that the hospital gave the mother cough syrup with codeine, and not because of drug use. Baby (now 4) was later reunited with his parents.

In considering the fairness of a settlement of a minor's claim, federal courts generally are guided by state law. See Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Procedure Before Trial ¶ 15.138 at 15-48 (TRG 2008). California law "bestows broad power on the court to authorize payment from the settlement--to say who and what will be paid from the minor's money…." Goldberg v. Superior Court, 23 Cal.App.4th 1378, 1382 (1994). The court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest" and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." Id. "[A] court must independently investigate and evaluate any compromise or

settlement of a minor's claims to assure itself that the minor's interests are protected … even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." <u>Salmeron v. United States</u>, 724 F.2d 1357, 1363 (9th Cir. 1983).

Based on the information presented in connection with the Petition, coupled with the Court's familiarity with the facts and procedural history of this consolidated action, the Court is satisfied that the proposed minor's compromise is fair and reasonable and sufficiently protects his interests.  Although the improper removal of Baby from his parents was a traumatic event, the harm in this instance was suffered primarily by the parents, as opposed to Baby, who was then an infant and has no memory of what transpired.  He did not require treatment following the removal and reunification and there is no indication that will he require any future treatment.

In addition, the Court finds that the proposed structure of the settlement protects the interest of Baby by ensuring that the settlement will remain in a blocked account interest bearing account until he reaches majority.  Under the terms proposed in the Petition, the proceeds may be distributed only as follows:  (1) $15,000 to be paid to Baby on his 18th birthday; and (2) the remaining $27,912 will be paid out on his 25th birthday, for a total payout of $42,912.  In addition, the value of the settlement is enhanced by Plaintiffs' counsel agreement to waive fees and costs as to Baby's settlement.  Accordingly,

IT IS HEREBY ORDERED THAT the Petition for Order Approving Minor's Compromise is GRANTED.  The structured settlement/annuity of Baby's claims in this action in the amount of $17,500 is approved.  The full amount of Baby's settlement proceeds ($17,500) will be deposited forthwith in an interest earning annuity sponsored by Prudential Insurance Company of America that will be paid to Baby in two installments as follows:  (1) $15,000 on Baby's 18th birthday on November 4, 2023 and (2) $27,912 on Baby's 25th birthday on November 4, 2030, for a total payout of $42,912.  Absent a further order of this Court, there will be no distributions to any person other than Baby in the manner specified by this Order.

IT IS SO ORDERED.

Dated: July 16, 2009

*Saundra B Armstrong*
Hon. Saundra Brown Armstrong
United States District Judge